<hr />

## STEUER v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Division, First Department. January 5, 1900.)

STREET RAILWAYS—INJURY TO PASSENGER—NEGLIGENCE.

    Negligence cannot be attributed to a street-railway company where a passenger, after the car had been stopped, and then started up, stepped off the front platform, without any notice to the conductor or driver, neither of whom had any reason to suspect his intention.

Appeal from trial term.

Action by Samuel Steuer, administrator of Israel Steuer, deceased, against the Metropolitan Street-Railway Company. From a judgment on a verdict for defendant, and from an order denying a motion for new trial, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and RUMSEY, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

G. F. Roesch, for appellant.
C. F. Brown, for respondent.

VAN BRUNT, P. J. We think that the judgment and order in this case should be affirmed. Upon a careful examination of the evidence, the conclusion is irresistible that the deceased attempted to get off the car, upon the front platform of which he was ridng, not only while it was in motion, but without giving any notice whatever of his intention to alight, either to the conductor or the driver. It is undoubtedly true that the car had stopped, and some people had alighted; but when the deceased attempted to get off the car it was in motion, and he had given no notice whatever to the persons in charge of the car of his desire or intention to alight. Neither the driver nor the conductor had any reason to suspect any intention upon the part of the deceased to leave the car, and he stepped off the car with his back towards the horses, with the usual result, even when a car is moving quite slowly. Under these circumstances it is difficult to see upon what negligence of the defendant can be predicated. If parties attempt to alight from a car, having given no information or indication to the persons in charge of their intention so to do, there is no negligence upon the part of the driver of the car in increasing its speed to the rate at which it can ordinarily proceed with safety. While conductors and drivers of street-railway cars are bound to use diligence in looking after the safety of their passengers, they have no reason to anticipate that passengers will attempt to alight from moving cars.

The judgment and order should be affirmed, with costs. All concur.